UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARNELL WESLY MOON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15CV00196 SNLJ |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss that was converted to a motion for summary judgment. The matter has been fully briefed and is ripe for disposition. For the following reasons, the Court will grant the motion.

## I. Background

Plaintiff Darnell Wesly Moon, a former inmate housed at the United States Penitentiary in Marion, Illinois, filed this 5 U.S.C.§ 552 claim against defendant Federal Bureau of Prisons, alleging failure to produce requested records in violation of the Freedom of Information Act ("FOIA"). In his complaint, plaintiff alleges that he requested from defendant a copy of all administrative remedies filed by plaintiff while he was at the Communications Management Unit ("CMU") in Marion. According to plaintiff, he asked defendant to release the case file, including investigative notes and emails, for each remedy at each level (BP-09, BP-10, and BP-11). Plaintiff requests that the Court order defendant to disclose the records in their entirety and pay plaintiff's costs in this suit.

Defendant filed a motion to dismiss for failure to exhaust administrative remedies. Plaintiff did not file a response. Given that the defendant offered evidence outside of the pleadings, pursuant to Fed. R. Civ. P. 12(d), the Court converted the motion to dismiss to a motion for summary judgment on the matter of whether plaintiff has failed to exhaust his administrative remedies. Plaintiff was given notice and granted thirty days to file a response.

## II.     Summary Judgment Standard

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324.

A plaintiff's pro se status does not excuse him from responding to a defendant's motion with specific factual support for his claims to avoid summary judgment, *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001), or from complying with local rules, see *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983). The movant's statement of facts are deemed admitted if not specifically controverted by the opposing party. E.D. Mo.

L.R. 4.01 (E). However, "[t]he Eighth Circuit has determined that when a plaintiff fails to respond adequately to a motion for summary judgment, a district court should not treat such a non-response as sufficient to dispose of the motion." *Lowry v. Powerscreen USB, Inc.*, 72 F.Supp.2d 1061, 1064 (E.D. Mo. 1999) (citing *Canada v. Union Electric Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997). "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id*.

## III. Facts

Plaintiff failed to specifically controvert defendant's statement of facts and, therefore, those facts are deemed admitted for this motion. *O'Connell v. Accurate Plumbing, LLC*, 4:04CV1368 FRB, 2005 WL 2176926, at *2 (E.D. Mo. Sept. 8, 2005) (citing *Northwest Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 724-25 (8th Cir. 2003); *Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762-63 (8th Cir. 2003)). The undisputed facts, as supported by the record, are set forth below.

On August 14, 2015, defendant received three FOIA requests from plaintiff, which were not notarized and/or did not include language indicating they were submitted under penalty of perjury. Defendant returned these requests to plaintiff for proper authorization. On September 8, 2015, defendant received one resubmitted request from plaintiff, which is at issue in this case. FOIA staff sent plaintiff an acknowledgement letter, dated September 10, 2015, informing him that his request had been assigned FOIA Request No. 2015-07667.

An Administrative Remedy Specialist assigned to search for plaintiff's requested materials determined that plaintiff had filed 275 administrative remedy requests and appeals while he was housed at the CMU in Marion, from January 9, 2012 through December 2, 2013. The Administrative Remedy Specialist estimated that it would take approximately 14 hours to search and locate the documents and that there would be approximately 1,320 pages of records. Given the fee associated with the production of records, no records responsive to plaintiff's FOIA request were provided at that time.

A letter dated September 11, 2015 was sent to plaintiff advising that he would be charged an estimated fee of $541.00 and that his FOIA request would be administratively closed if payment of the anticipated fee or modification of the request to meet a lower fee was not received within 30 days. Plaintiff did not indicate that he would pay that fee, nor did he request a modification of the FOIA request to reduce the fee. Thus, no further work was conducted regarding his request.

Plaintiff does not dispute that defendant sent him an acknowledgment letter or fee letter requesting fees or allowing him to modify his request. He does, however, dispute that he received these letters.

**IV.  Discussion**

The FOIA requires that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). "If an agency refuses to furnish the requested records, the requester may file suit in federal court and

obtain an injunction 'order[ing] the production of any agency records improperly withheld.'" *Taylor v. Sturgell*, 553 U.S. 880, 885 (2008) (quoting 5 U.S.C. § 552(a)(4)(B)) (alteration in original). Before a party can seek judicial review, however, exhaustion of administrative remedies is generally required under the FOIA. *McKart v. United Staes*, 395, U.S. 195, 193 (1986). "Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Trueblood v. United States Dep't of the Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996) (alteration in original) (citations omitted). "Regardless of whether the plaintiff 'filed' suit before or after receiving a request for payment, the plaintiff has an obligation to pay the reasonable copying and search fees assessed by the defendant. *Id.*

"When a component determines or estimates that a total fee to be charged [under the FOIA] will exceed $250.00, it may require that the requester make an advanced payment up to the amount of the entire anticipated fee before beginning to process the request." 28 C.F.R. § 16.10(i)(2). When advance payment is required, "the request shall not be considered received and further work will not be completed until the required payment is received." 28 C.F.R. § 16.10(i)(4). Furthermore, "[i]f the requester does not pay the advance payment within 30 calendar days after the date of the component's fee determination, the request will be closed." *Id.*

Here, defendant assessed an estimated $541.00 fee for search and copying costs, in accordance with 28 C.F.R. §16.10. Because an advance payment was required and no payment was received, defendant did not complete the request. The Court fully credits plaintiff's statement that he did not receive defendant's September 11, 2015 letter

5

informing him that he would be required to pay $541.00 before defendant would undertake any additional searching. However, there is some evidence that defendant sent the letter, as demonstrated by defendant's exhibits, a copy of the letter (ECF #10-4) and a declaration of defendant's employee who sent the letter (ECF #10-1), which were attached to defendant's motion. Thus, the Court also credits defendant's statement that it prepared and sent the letter on or about September 11, 2015.

While there is doubt as to when plaintiff learned that he would be required to pay a fee, there is no doubt that plaintiff has not paid the fee. Moreover, he has now been made fully aware of the fee. Plaintiff received a copy of the fee letter along with defendant's motion to dismiss. Regardless of whether plaintiff received the letter before or after he filed this litigation, defendant has no obligation to complete the FOIA request until plaintiff pays the fee or modifies his request to reduce the fee. *See King v. United States Dep't of Justice*, 772 F. Supp. 2d 14, 18 (D.D.C. 2010) ("Even when a fee assessment comes 'after the filing of [the] lawsuit, [a] plaintiff is obligated nonetheless to pay the fee or to seek from the agency either a fee waiver or a fee reduction.'") (citing *Maydak v. Dep't of Justice*, 254 F. Supp. 2d 23, 50 (D.D.C. 2003) (alteration in original).

Because plaintiff has not paid the fees associated with his request or modified his request, he has failed to exhaust his administrative remedies. Therefore, defendant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (ECF #9) that was converted to a motion for summary judgment (ECF #11) is **GRANTED**.

**IT IS FURTHER HEREBY ORDERED** that judgment is entered in favor of defendant and against plaintiff. A separate judgment shall accompany this Memorandum and Order.

Dated this 5th day of July, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE